COBB, J.
Stanley and Fay Shapiro [the Shapiros] appeal the final order of the Construction Industries Licensing Board [the Board] denying their application for reimbursement from the Construction Industries Recovery Fund [the Fund], which is established in section 489.140, Florida Statutes (2000). On appeal, the Shapiros argue that the Board’s determination that they are ineligible to receive reimbursement is error because the Board’s narrow interpretation of section 489.141(2)(e): (1) defeats the legislative intent for establishing the Fund; (2) ignores the plain meaning of the words “was acting” as provided therein; and (3) ignores other provisions of section 489.141 which strongly indicate that the “ownership” term referenced in the Fund is the date on which the violations occur; not the date the construction contract is executed. Section 489.141 provides in pertinent part:
A person is not qualified to make a claim for recovery from the Construction Industries Recovery Fund, if:
(c) Such person’s claim is based upon a construction contract in which the licensee was acting with respect to the property owned or controlled by the licensee. (Emphasis added).
§ 489.141(2)(e), Fla. Stat. (2000).
On December 13, 1996, the Shapiros entered into a written contract with Centron Homes of Brevard, Inc. [Centron], whereby Centron agreed to construct a new home for the Shapiros. On the same day, the Shapiros also entered into a purchase agreement with Centron for a lot for their new home. The lot is located in “The Forrest of Suntree” subdivision in Melbourne, Florida. The Shapiros received a warranty deed to the property dated January 28, 1997, and Centron commenced construction on the Shapiros’ home the next day.
By early 1998, however, the home had not been completed. In fact, by May 1998 Centron had completely abandoned the project. In response to Centron’s abandonment, the Shapiros filed a civil action against Centron and Safe Title Co., which *1102 was their escrow disbursement company. Under count I and count III of their complaint, the Shapiros sought to recover money damages from Centron for abandoning construction on the new residence, failure to pay its construction subcontractors and materialmen, and for failing to complete construction within the time prescribed by the contract. In January 1999, the circuit court entered a final judgment against Centron for $36,814.21.
Because the Shapiros were unable to collect on the judgment, they submitted an application for reimbursement to the Fund. The Fund staff recommended approval of the claim in the amount of $26,000. However, in April 2000, subsequent to a public hearing on the matter, the Fund Committee and the Board denied the Shapiros’ claim with prejudice. The stated reason for the denial was that the Shapiros were “not qualified to make a claim pursuant to Section 489.141(2)(c), Florida Statutes, since [Centron] had control or ownership of the property related to the construction contract.”
The Shapiros then filed their request for formal hearing pursuant to section 120.57(1), Florida Statutes. In their request, the Shapiros argued that the Board, in construing the exclusion set forth in section 489.141(2)(c), should look to the party that owned or controlled the property at the time the contractor actually performed the construction, rather than to which party owned or controlled the property at the time the construction contract was executed. A second public hearing was held. After consideration of the matter, the Board issued a final order upholding its earlier decision. The Board’s denial stemmed from the fact that:
At the time the contract was executed, [Centron] was acting with respect to property, which [it] either owned or controlled. Section 489.141(2)(c), Florida Statutes, disqualifies a claim based upon a construction contract where the licensee was acting with respect to the property owned or controlled by the licensee.
The instant appeal ensued.
We reverse because the Board’s decision was unreasonable. As we read the provisions of section 489.141(2)(c) quoted above, the reference to the licensee (ie., the contractor) “acting with respect to the property” refers to the work being done (or not done) by the contractor on the property — not to the time of transfer of the title. In the instant case the Shapiros owned the lot at all times that the construction work was performed on it or was supposed to be performed on it.
The strained and narrow construction of the statute by the Board defeats the legislative intent in establishing the fund to help consumers who are harmed by defaulting contractors. That legislative purpose has nothing to do with the time that the victims acquire title to their lot. Consumers who are victimized by the negligence, shoddy workmanship or dishonesty of licensed contractors should be treated the same irrespective of the source of their title or their time of purchase. The Shapi-ros owned their lot when the actions of their contractor damaged them and that is enough under the statute.
REVERSED.
THOMPSON, C.J., and PETERSON, J., concur.